FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 21  PM 1: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLACK COACHES ASSOCIATION | CIVIL ACTION |
| VERSUS | NO. 05-3758 |
| RUDOLPH WASHINGTON | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court are the motion for stay (Rec. Doc. No. 4) and motion for preliminary injunction (Rec. Doc. No. 4) filed by Mr. Washington. For the reasons stated herein, **IT IS ORDERED** that this matter is **REMANDED** to the state court in which it was instituted.

Mr. Washington has removed an action filed in California state court, styled *Founders National Bank of L.A. v. Black Coaches Ass'n*, No. BC 237043, to this Court. As urged by the Black Coaches Association ("BCA") in its opposition to Mr. Washington's motions, that removal was improper. A California state court action is not properly removed to the federal district court for the Eastern District of Louisiana. *See* 28 U.S.C. §1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . ., to the district court of the United States for the district and division embracing the place where such action is pending"). Nor was the removal timely. *See* 28 U.S.C. §1446(a) ("notice of removal . . . shall be filed within thirty days . . . after the receipt by the defendant . . . of the initial pleading . . . [or] . . . within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Most importantly, however, Mr. Washington has not sufficiently demonstrated this Court's subject matter jurisdiction. Although he appears to contend that diversity jurisdiction under 28 U.S.C. §1332 exists, he has not set forth the citizenship of the relevant parties. Further, although the substantive basis of his claim appears to rest on his contention that the actions of the BCA in the California state court violate the arbitration order issued in Civil Action Number 98-3465, he did not seek to re-open and request appropriate relief as part of that closed litigation. Instead, he purported to remove the California state litigation based on defensive grounds that apparently were asserted and determined in the state court litigation. In any event, the Court is not satisfied that a jurisdictional basis exists for the present litigation, bearing Civil Action Number 05-3758, to be in this federal court. Accordingly, the Court orders that the action be remanded to the California state court from whence it came.

Even if this Court were satisfied that an adequate jurisdictional basis exists with respect to this action, Mr. Washington's request for a stay and a preliminary injunction would be denied. Because it is an "extraordinary remedy," entry of a preliminary injunction is appropriate only when the applicant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause; and (4) that the injunction will not disserve the public interest. *Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Mr. Washington has not adequately demonstrated that the California state court's rulings violate the arbitration order issued in Civil Action Number 98-

2

3465, that one of the exceptions to the Anti-Injunction Act's bar against injunctive relief applies, and that the doctrine of *res judicata* is not controlling. Accordingly, the "extraordinary remedy" provided by a preliminary injunction is not appropriate.

New Orleans, Louisiana, this 20th day of December 2005.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE